UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-170-GCM

| JAMAL FAREED, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| BRANDON BLACKMON, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 8). Defendant Brandon Blackmon has filed a Pre-Answer Motion to Dismiss, (Doc. No. 9), seeking dismissal of all of Plaintiff's claims with prejudice.[1]

### I. BACKGROUND

*Pro se* Plaintiff purports to file suit under 42 U.S.C. § 1983. The Complaint was dismissed without prejudice on initial review and Plaintiff was provided the opportunity to amend and cure those defects. See (Doc. Nos. 1, 5). Plaintiff's Amended Complaint is now before the Court on initial review.

Plaintiff, whose address of record is in Charlotte, names as the sole Defendant Brandon Blackmon, who is the Director of the McLeod Addictive Disease Center in Charlotte. (Doc. No. 8 at 1). Construing the Amended Complaint liberally and accepting the allegations as true, Plaintiff was detoxed off of Methadone against his will in 10 days without a fair hearing. This

---

[1] Defendant Blackmon argues that Plaintiff failed to state a claim upon which relief can be granted under § 1983, that he failed to properly serve Defendant under Rule 4 of the Federal Rules of Civil Procedure, that he failed to state a claim for medical negligence and failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, and that he failed to state a claim for medical malpractice.

1

caused withdrawal pain for 30 days, mental anguish, and unbearable body aches. He seeks damages in the amount of the Defendant's wages for three eight-hour shifts for 30 days.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Sullivan, 526 U.S. at 50. "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern

Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

The Amended Complaint is frivolous and too vague and conclusory to pass initial review. Plaintiff fails to explain his relationship with Defendant or describe the alleged incident in enough detail to satisfy Rule 8. His bare reference to 42 U.S.C. § 1983 is insufficient to state a claim. Moreover, Plaintiff has failed to allege that the Defendant was a state actor or explain how his alleged actions are fairly attributable to the state. The allegations are so severely deficient that the Court cannot conclude that it has subject-matter jurisdiction over this action.

3

Plaintiff has had the opportunity to file an Amended Complaint and he "is not entitled to any further opportunities to raise the same claims" against the Defendant. See, e.g., McDaniel v. Bailey, 748 Fed. Appx. 511 (4th Cir. 2019). The Amended Complaint will, therefore, be dismissed with prejudice and the Clerk of Court will be instructed to close this case. Defendant's Pre-Answer Motion to Dismiss will be denied as moot.

**IV. CONLUSION**

For the reasons stated herein, the Amended Complaint is dismissed with prejudice and the Pre-Answer Motion to Dismiss is denied as moot.

**IT IS, THEREFORE, ORDERED that:**

1. The Amended Complaint, (Doc. No. 8), is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and for lack of subject-matter jurisdiction.

2. Defendant's Pre-Answer Motion to Dismiss, (Doc. No. 9), is **DENIED** as moot.

3. The Clerk of Court is instructed to close this case.

Signed: July 10, 2019

Graham C. Mullen
United States District Judge